1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  STEVEN ANTHONY ANDRADE, | )   1:09-cv-01097-BAK-GSA HC |
| | ) |
| 14                    Petitioner, | )   ORDER DISMISSING PETITION FOR WRIT |
| | )   OF HABEAS CORPUS FOR LACK OF |
| 15        v. | )   JURISDICTION |
| | ) |
| 16 | )   ORDER DIRECTING CLERK OF COURT TO |
| ADAMS, | )   SEND PETITION FORM FOR FILING CIVIL |
| 17 | )   RIGHTS COMPLAINT PURSUANT TO 42 |
| |                    Respondent. | )   U.S.C. § 1983 |
| 18 _____ | ) |

19
20

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  On April 15, 2009, Petitioner filed his petition for writ of habeas

corpus in the United States District Court for the Northern District of California.  (Doc. 1).  On

June 22, 2009, the case was transferred to this Court.  (Doc. 4).  On July 6, 2009, Petitioner filed

his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.

(Doc. 6).

In his petition, Petitioner, challenges a "gang validation" determination by Respondent

that resulted in Petitioner's confinement in the Special Housing Unit ("SHU").  (Doc. 1, p. 7).

1

1   Petitioner also claims a First Amendment right to "innocuous association" that purportedly was

2   violated by Respondent's "gang validation" determination.  (Doc. 1, p. 6).

3                                           **DISCUSSION**

4          Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

5   review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

6   plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

7   4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

8   (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the

9   petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

10  2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

11  or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

12  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

13  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

14  1983 is the proper method for a prisoner to challenge the conditions of that confinement.

15  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

16  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

17         In this case, Petitioner contends that Respondent violated Petitioner's constitutional rights

18  by making an adverse "gang validation" that resulted in Petitioner's confinement in the SHU.

19  Petitioner does not challenge either the underlying conviction or his sentence.   As such,

20  Petitioner is challenging the conditions of his confinement, rather than the fact or duration of that

21  confinement.  Accordingly, Petitioner is not entitled to habeas corpus relief, and this petition

22  must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of

23  a civil rights complaint pursuant to 42 U.S.C. § 1983.

24                                            **ORDER**

25         Accordingly, the Court HEREBY ORDERS:

26         1.  That the petition for writ of habeas corpus (Doc. 1), is DISMISSED because the

27         petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

28         2.  That the Clerk of Court is DIRECTED to send Petitioner the standard form for claims

                                                    2

1   pursuant to 42 U.S.C. § 1983.

2

3

4

5   IT IS SO ORDERED.

6   **Dated:** __**September 30, 2009**__              _____/s/ **Gary S. Austin**_____
                                                      UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3